**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILSON W. HENDRICKS, III,

                  Plaintiff,

vs.                                                Case No.  3:06-cv-224-J-33MMH

SMARTVIDEO TECHNOLOGIES, INC.,
a Delaware corporation,

                  Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Leave to Amend Answer to Assert a Counterclaim and Additional Defenses and Supporting Memorandum (Doc. No. 33; Motion), filed on September 22, 2006.  On October 2, 2006, Plaintiff filed a response in opposition to the Motion.  See Response to Defendant's Motion for Leave to Amend to Assert Counterclaim and Additional Defenses (Doc. No. 36; Response).  After receiving leave of Court, see Order (Doc. No. 38), Defendant filed a reply on October 5, 2006.  See Defendant's Reply to Plaintiff's Response to Defendant's Motion for Leave to Amend to Assert a Counterclaim and Additional Defenses (Doc. No. 39; Reply).  Accordingly, the Motion is now ripe for review.

## I.    Background

Plaintiff, a prior employee of Defendant, filed this case on January 26, 2006, seeking damages arising out of an alleged employment agreement between Plaintiff and Defendant.

See Complaint (Doc. No. 2) at 1.[1]  In the Complaint, he alleges four claims based upon theories of promissory estoppel, fraudulent inducement, specific performance, and breach of contract.  See id. at 1-8.  On March 17, 2006, Defendant filed its answer, denying Plaintiff's claims and raising a number of defenses.  See Answer (Doc. No. 6; Answer).  The parties completed a case management conference, and on May 1, 2006, the Court entered a Case Management and Scheduling Order which stated that "[m]otions to amend any pleading . . . after the issuance of this Case Management and Scheduling Order are disfavored."  See Case Management and Scheduling Order (Doc. No. 20; CMSO) ¶ 3.  The CMSO also directed the parties to complete discovery by October 3, 2006.  See id. ¶ 1.

Defendant now seeks leave to file an amended answer and a counterclaim.  See Motion at 1.  In support of the request, Defendant asserts that, during Plaintiff's August 28, 2006 deposition, Defendant learned that, contrary to the representation in Plaintiff's resume and the statements he made during his interview with Defendant, Plaintiff had not obtained a Bachelor's degree from the University of Florida.  See id. at 2.  Defendant further alleges that Plaintiff was told during his interview that Defendant would only hire a person with a Bachelor's degree for the Vice President of Operations (VPO) position.  See id. at 3.  Based upon these allegations, Defendant seeks leave to amend the Answer to add defenses based upon fraudulent inducement and resume fraud and to assert a counterclaim for fraudulent

---

[1]     The Complaint was initially filed in Florida state court, but Defendant removed the case to this Court on March 3, 2006, based on diversity of citizenship jurisdiction.  See Notice of Removal to the United States District Court for the Middle District of Florida (Jacksonville Division) (Doc. No. 1) ¶ 10.

inducement.  See id. at 4.[2]

## II.    Applicable Standard

Rule 15(a), Federal Rules of Civil Procedure (Rule(s)), establishes that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Thereafter, a party may amend its pleading only upon leave of court or by obtaining written consent of the opposing party.  See id.  The rule provides that "leave shall be freely given when justice so requires."  Id.  As a result, "[t]here must be a substantial reason to deny a motion to amend."  Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1269, 1274 (11th Cir. 2001) (per curiam).  Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Maynard v. Bd. of Regents of the Div. of Univers. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003).

Whether a party may amend its answer to assert an omitted counterclaim is also governed by Rule 13(f), which provides:  "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."  When determining whether

───────────────

[2]      Defendant has attached its proposed Amended Answer and Counterclaim to the Motion.  See Motion, Exh. D.  Upon review of the Amended Answer and Counterclaim, the Court notes that in addition to asserting the two new defenses and counterclaim, Defendant also removed two defenses from its initial Answer.  Compare Answer at 7 with Amended Answer and Counterclaim at 7.  As Plaintiff does not oppose the deletion of these two defenses, see Response at 1-3, the undersigned will allow this amendment.

to allow an omitted counterclaim, courts apply the same "liberal standard" applied in determining whether to permit an amendment to a pleading pursuant to Rule 15(a).  See Bayer CropScience, LP v. Booth, No. Civ.A. 7:04-CV-92, 2005 WL 2095765, at *1 (M.D. Ga. Aug. 29, 2005); MCI Telecomms. Corp. v. Best Tel. Co., 898 F.Supp. 868, 975 (S.D. Fla. 1994); Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F.Supp. 1529, 1532 (N.D.Ga. 1991) (citing T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour, 629 F.2d 338, 370 (5th Cir. 1980)).[3]  Accordingly, the Court will address whether Defendant may amend the Answer to add both the omitted counterclaim and defenses pursuant to the Rule 15(a) standard.

## III.    Discussion

Defendant argues that the Motion should be granted because it has "just discovered" the facts underlying the requested amendments.  See Motion at 4.  Defendant also suggests that it should be allowed to assert the fraudulent inducement counterclaim because it is a compulsory counterclaim.  See id.  Moreover, Defendant maintains that Plaintiff will not be unduly prejudiced by the requested amendment because he should have anticipated that his lack of qualifications for the VPO position would be at issue in this case.  See id. at 7.  Lastly, Defendant argues that it has not delayed in pursuing discovery or seeking the instant amendment, and that the requested amendments are not futile.  See id. at 8-9.

Plaintiff, on the other hand, asserts that the Motion should be denied.  See Response at 3.  In support of this position, Plaintiff argues that the Motion was not filed in a timely manner because Defendant should have learned that Plaintiff did not have a Bachelor's

---

[3]      In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

degree earlier in this case.  See id. at 1.  Plaintiff further complains that he "would be prejudiced by the alleged amendment at this late date."  Id. at 2.

Plaintiff does not suggest that the Court should deny the Motion because of bad faith, dilatory motive, repeated failure to cure deficiencies, or futility of amendment.  See Response at 1-16.  Accordingly, the only issues to be addressed are those of undue delay and undue prejudice.[4]  As Plaintiff's claim of prejudice arises out of his argument that Defendant did not timely pursue discovery or seek leave to amend, see Response at 1-2, the Court will address these two issues together.

While the mere passage of time will not justify the denial of a motion to amend, a plaintiff's undue delay in seeking leave to amend may constitute a sufficient basis to deny such a motion.  See Hester v. Int'l Union of Operating Eng'rs, AFL-CIO, 941 F.2d 1574, 1578-79 (11th Cir. 1991); see also Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001) ("The lengthy nature of litigation, without any other evidence of prejudice . . . or bad faith . . ., does not justify denying the [movant] the opportunity to amend.").  The Eleventh Circuit Court of Appeals has affirmed findings of undue delay when leave to amend was sought after the close of discovery and the filing of dispositive motions.  See Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 826 (11th Cir. 2000); Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999); Jameson v. Arrow Co., 75 F.3d 1528, 1535 (11th Cir. 1996).  Moreover, the court has held the denial of a motion to amend was proper when the motion was filed on the last day of discovery and the plaintiff failed to explain why the motion

---

[4]  While Plaintiff argues that the Motion should be denied for these reasons, he has cited no case law in support of his position.  See Response.

could not have been filed earlier.  See Maynard, 342 F.3d at 1287.

In addition to undue delay, a court may deny the amendment if it results in undue prejudice to the non-moving party.  See Foman, 371 U.S. at 182; Collins v. Int'l Dairy Queen, 190 F.R.D. 633, 637 (M.D.Ga. 2000).  However, the Eleventh Circuit has explained that "[a]ny amendment to an original pleading necessarily involves some additional expense to the opposing party," but is not unduly prejudicial where the additional expense is of "nominal proportions."  Loggerhead Turtle v. County Council of Volusia County, Fla., 148 F.3d 1231, 1257 (11th Cir. 1998).  Thus, a court may consider an amendment unduly prejudicial "if the opponent would be required to engage in significant new preparation at a late stage of the proceedings."  Dannebrog Rederi AS v. M/Y True Dream, 146 F.Supp.2d 1307, 1315 (S.D.Fla. 2001) (citing 6 Wright & Miller, Federal Practice and Procedure § 1487 (2d ed. 1990)).

In this case, Plaintiff contends that it was Defendant's own failure to diligently pursue discovery that resulted in Defendant's "'last minute' need to amend."  Response at 1-2. However, Defendant argues that it was diligent in pursuing discovery and in pursuing the requested amendments.  See Motion at 8.  Indeed, in its Reply, Defendant asserts that it had no reason to believe that Plaintiff did not graduate from the University of Florida until Plaintiff disclosed this information during his August 28, 2006 deposition, which was held well within the discovery period.  See Reply at 2.[5]  Defendant states that as soon as it learned that Plaintiff did not have a Bachelor's degree, it reviewed its files and found a copy of the

---

[5]        Defendant also indicated that it was prepared to take Plaintiff's deposition in early August of 2006, but for reasons not explained by either party, Plaintiff's deposition was not held until August 28, 2006. See Reply.

resume Plaintiff provided to Defendant which stated that he had graduated from the University of Florida. See id. Defendant also explains that although it subpoenaed Plaintiff's previous employer for Plaintiff's employment application on May 31, 2006, it did not receive that application until September 18, 2006. See id. at 4 n.5. Defendant contends that this was an important document because although Plaintiff indicated during his deposition that he did not create the resume which represents that he graduated from the University of Florida and never represented to Defendant that he had graduated from the University of Florida, the application received from the previous employer affirmatively indicated, in Plaintiff's own handwriting, that Plaintiff had graduated from the University of Florida. See id. at 4-5. Accordingly, Defendant states that once it received the application from Plaintiff's prior employer, it filed the instant Motion within four days. See id. at 5. Based on this information, and unlike the movant in Maynard, the Court finds that Defendant has adequately explained the delay in seeking amendments in this case. Accordingly, although filed after the CMSO was entered and with only twelve days left in the discovery period, see CMSO ¶¶ 1, 3, Defendant did not unduly delay in seeking the amendments.

Plaintiff also suggests that he would be unduly prejudiced by this late filing, however he has failed to make any argument in support of this assertion. See Response at 1-3. It does not appear that the addition of the counterclaim and defenses will greatly impact discovery as both Plaintiff and Defendant's employee who interviewed Plaintiff have been deposed and questioned about Plaintiff's education, his resume and whether he knew or represented to Defendant that he had or needed a Bachelor's degree for the position. See Reply at 2-4. While the counterclaim and defenses may require some additional discovery

in this case, the burden of that limited additional discovery alone is not a substantial reason to deny a motion to amend. See A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 87 F.Supp.2d 281, 299 (S.D.N.Y. 2000) (citing United States v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989)). Accordingly, the Court cannot find that the requested amendments will unduly prejudice Plaintiff.

## IV. Conclusion

In light of the foregoing, the Court finds no "substantial reason" to deny the Motion, and it is, therefore, due to be **granted**.[6] Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion for Leave to Amend Answer to Assert a Counterclaim and Additional Defenses and Supporting Memorandum (Doc. No. 33) is **GRANTED**.

2. Defendant shall file the Amended Answer and Counterclaim attached to the Motion as Exhibit D, on or before **November 8, 2006**.

3. Plaintiff shall plead in response to the Amended Answer and Counterclaim in accordance with Rule 15(a).

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November, 2006.

**MARCIA MORALES HOWARD**
United States Magistrate Judge

---

[6] The undersigned notes that the deadline to complete discovery has passed in this case. See CMSO ¶ 1. Thus, to the extent either party believes the addition of the counterclaim or defenses will necessitate further discovery, that party may wish to file an appropriate motion to extend the deadlines in the CMSO after complying with Local Rule 3.01(g), Local Rules of the Middle District of Florida.

lc2

Copies to:

Counsel of Record