THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WILSON W. HENDRICKS, III,<br><br>                   Plaintiff,<br><br>v.<br><br>SMARTVIDEO TECHNOLOGIES, INC.<br>a Delaware Corporation,<br><br>                   Defendant | Civil Action No.  3:06-CV-224-J-20MMH |

## AMENDED ANSWER AND COUNTERCLAIM

COMES NOW, Defendant SmartVideo Technologies, Inc. ("SmartVideo"), by and through its counsel, and files its Amended Answer and Counterclaim to each paragraph of Wilson W. Hendricks, III's ("Plaintiff") Complaint as follows:

1.      Responding to paragraph 1 of Plaintiff's Complaint, SmartVideo lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint; therefore, those allegations are denied.

2.      SmartVideo admits the allegations of paragraph 2 of Plaintiff's Complaint.

3.      SmartVideo denies the allegations of paragraph 3 of Plaintiff's Complaint.

4.      Responding to paragraph 4 of Plaintiff's Complaint, SmartVideo admits only that Plaintiff purports to bring an action for damages that exceeds $15,000, exclusive of interest and costs.  SmartVideo denies all further and remaining allegations of paragraph 4.

5.      SmartVideo denies the allegations of paragraph 5 of Plaintiff's Complaint.

6.      Responding to paragraph 6 of Plaintiff's Complaint, SmartVideo incorporates by reference its responses to paragraphs 1 through 3 of Plaintiff's Complaint as if set forth fully herein.

7.      SmartVideo admits the allegations of paragraph 7 of Plaintiff's Complaint.

8.      SmartVideo denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.      SmartVideo denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.      Responding to paragraph 10 of Plaintiff's Complaint, SmartVideo lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint; therefore, those allegations are denied.

11.      Responding to paragraph 11 of Plaintiff's Complaint, SmartVideo lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the Complaint; therefore, those allegations are denied.

12.      Responding to paragraph 12 of Plaintiff's Complaint, SmartVideo admits only that Plaintiff began employment with SmartVideo on or about April 1, 2005.  SmartVideo denies all further and remaining allegations of paragraph 12.

13.      SmartVideo denies the allegations of paragraph 13 of Plaintiff's Complaint.

14.      SmartVideo denies the allegations of paragraph 14 of Plaintiff's Complaint.

15.      SmartVideo denies the allegations of paragraph 15 of Plaintiff's Complaint.

16.      SmartVideo denies the allegations of paragraph 16 of Plaintiff's Complaint.

To the extent that the paragraph following paragraph 16 of Plaintiff's Complaint and beginning "WHEREFORE" requires a response of SmartVideo, SmartVideo denies all allegations contained therein.

17.     Responding to paragraph 17 of Plaintiff's Complaint, SmartVideo admits only that Plaintiff purports to bring an action for damages that exceeds $15,000, exclusive of interest and costs.

18.     SmartVideo denies the allegations of paragraph 18 of Plaintiff's Complaint.

19.     Responding to paragraph 19 of Plaintiff's Complaint, SmartVideo incorporates by reference its responses to paragraphs 1 through 3 and 6 through 12 of Plaintiff's Complaint as if set forth fully herein.

20.     SmartVideo denies the allegations of paragraph 20 of Plaintiff's Complaint.

21.     SmartVideo denies the allegations of paragraph 21 of Plaintiff's Complaint.

22.     SmartVideo denies the allegations of paragraph 22 of Plaintiff's Complaint.

23.     SmartVideo denies the allegations of paragraph 23 of Plaintiff's Complaint.

24.     SmartVideo denies the allegations of paragraph 24 of Plaintiff's Complaint.

To the extent that the paragraph following paragraph 24 of Plaintiff's Complaint and beginning "WHEREFORE" requires a response of SmartVideo, SmartVideo denies all allegations contained therein.

25.     Responding to paragraph 25 of Plaintiff's Complaint, SmartVideo admits only that Plaintiff purports to bring an action for damages that exceeds $15,000, exclusive of interest and costs.

26.     Responding to paragraph 26 of Plaintiff's Complaint, SmartVideo incorporates by reference its responses to paragraphs 1 through 3 and 6 through 12 of Plaintiff's Complaint as if set forth fully herein.

27.     SmartVideo denies the allegations of paragraph 27 of Plaintiff's Complaint.

28.     SmartVideo denies the allegations of paragraph 28 of Plaintiff's Complaint.

29.     SmartVideo admits the allegations of paragraph 29 of Plaintiff's Complaint.

30.     SmartVideo denies the allegations of paragraph 30 of Plaintiff's Complaint.

31.     SmartVideo denies the allegations of paragraph 31 of Plaintiff's Complaint.

32.     SmartVideo denies the allegations of paragraph 32 of Plaintiff's Complaint.

To the extent that the paragraph following paragraph 32 of Plaintiff's Complaint and beginning "WHEREFORE" requires a response of SmartVideo, SmartVideo denies all allegations contained therein.

33.     Responding to paragraph 33 of Plaintiff's Complaint, SmartVideo admits only that Plaintiff purports to bring an action for damages that exceeds $15,000, exclusive of interest and costs.

34.     Responding to paragraph 34 of Plaintiff's Complaint, SmartVideo incorporates by reference its responses to paragraphs 1 through 3 and 6 through 12 of Plaintiff's Complaint as if set forth fully herein.

35.     SmartVideo denies the allegations of paragraph 35 of Plaintiff's Complaint.

36.     SmartVideo denies the allegations of paragraph 36 of Plaintiff's Complaint.

37.     SmartVideo denies the allegations of paragraph 37 of Plaintiff's Complaint.

38.     SmartVideo denies the allegations of paragraph 38 of Plaintiff's Complaint.

39.     SmartVideo denies the allegations of paragraph 39 of Plaintiff's Complaint.

40.     SmartVideo denies the allegations of paragraph 40 of Plaintiff's Complaint.

41.     SmartVideo denies the allegations of paragraph 41 of Plaintiff's Complaint.

42.     SmartVideo denies the allegations of paragraph 42 of Plaintiff's Complaint.

43.    Responding to paragraph 43 of Plaintiff's Complaint, SmartVideo lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43 of the Complaint; therefore, those allegations are denied.

To the extent that the paragraph following paragraph 43 of Plaintiff's Complaint and beginning "WHEREFORE" requires a response of SmartVideo, SmartVideo denies all allegations contained therein.

## DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim for which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred by operation of the doctrines of waiver and/or estoppel.

### Third Defense

Some or all of Plaintiff's claims for alleged breach of contract are barred by unsatisfied conditions precedent to recovery.

### Fourth Defense

The Court lacks jurisdiction over Defendant.

### Fifth Defense

The instant venue is improper.

### Sixth Defense

Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to exercise reasonable diligence in the mitigation of his alleged damages, which damages are denied.

<u>Seventh Defense</u>

Some or all of Plaintiff's claims are preempted by operation of the Employee Retirement Income Security Act (ERISA).

<u>Eighth Defense</u>

To the extent service was improper, Plaintiff's claims are barred.

<u>Ninth Defense</u>

Some or all of Plaintiff's claims may be barred by the operation of the doctrine of unclean hands.

<u>Tenth Defense</u>

Some or all of Plaintiff's claims are barred by operation of Plaintiff's failure to exhaust appropriate procedures provided for in the equity incentive plan.

<u>Eleventh Defense</u>

Some or all of Plaintiff's claims for breach of contract are barred by lack of or by failure of consideration.

<u>Twelfth Defense</u>

Some or all of Plaintiff's claims for alleged breach of contract are barred by operation of the statute of frauds.

<u>Thirteenth Defense</u>

Some or all of Plaintiff's claims for alleged breach of contract are barred by operation of the parol evidence rule.

### Fourteenth Defense

Some or all of Plaintiff's claims are barred because he fraudulently induced SmartVideo to offer him employment and other benefits.

### Fifteenth Defense

Some or all of Plaintiff's claims are barred because Plaintiff committed resume fraud by misrepresenting his educational background on a resume submitted to SmartVideo and SmartVideo relied upon this misrepresentation when it offered Plaintiff employment.

## COUNTERCLAIM

COMES NOW, Defendant/Counterclaim-Plaintiff SmartVideo Technologies, Inc., ("SmartVideo"), in support of its counterclaim against Plaintiff/Counterclaim-Defendant Wilson W. Hendricks, III ("Plaintiff") and states as follows:

1.      SmartVideo is incorporated under the laws of the State of Delaware and its principal place of business is located in the State of Georgia at 3505 Koger Boulevard, Suite 400, Duluth, Georgia.

2.      Plaintiff, a resident of the State of Florida, is subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1332 (a)(1), as this is an action between citizens of different states and the amount in controversy exceeds the principal sum of $75,000.00, exclusive of interests and costs.

3.      In late 2004 and early 2005, Richard Bennett and Roger Dunavant discussed hiring someone for the newly-created position of Vice President of Operations.  They discussed the importance of finding an individual with a four-year college degree to add to the executive team.

4.      An individual with a college degree was necessary to counterbalance Bob Walters' lack of a degree.  Walters was a founding member of SmartVideo and as Chief Technology Officer, he was part of SmartVideo's executive team.

5.      The profiles of the executive team, including their educational background, would be presented to potential investors.  Thus, it was critical that the person occupying the Vice President of Operations position have a degree.

6.      In early 2005, Bennett interviewed Plaintiff in SmartVideo's Georgia office for the position of Vice President of Operations.  During this interview, Plaintiff falsely claimed to have a college degree.

7.      Before Plaintiff was offered a position with SmartVideo, Plaintiff gave his resume to Dunavant.  A true and correct copy is attached hereto as Exhibit 1.  The resume stated that Plaintiff had a Bachelors degree from the University of Florida.

8.      When Dunavant spoke with Plaintiff about the Vice President of Operations position, Dunavant specifically told him that the candidate must have a college degree and Plaintiff responded that he had such a degree from the University of Florida.

9.      Plaintiff claims he accepted employment with SmartVideo by allegedly signing a document which he claims is an employment contract.  Plaintiff claims to have signed this contract in Bennett's office in Georgia.  No such executed document exists.

10.     Plaintiff resided in Georgia while working for SmartVideo.

11.     SmartVideo would not have offered Plaintiff the position of Vice President of Operations if it had known that Plaintiff lacked a four-year college degree.

## Count 1

12.     SmartVideo incorporates by reference paragraphs 1 to 11 above as if set forth fully herein.

13.     Plaintiff falsely asserted that he had a Bachelor's degree from the University of Florida.

14.     Plaintiff knew this information was false at the time he provided it to SmartVideo, and he further knew it was material to SmartVideo's decision to hire him.

15.     Plaintiff intended to deceive SmartVideo in order to gain employment.

16.     As a result of Plaintiff's fraudulent assertion, SmartVideo was induced to hire him as Vice President of Operations.

17.     SmartVideo would not have hired Plaintiff as Vice President of Operations if it knew Plaintiff did not have a college degree.

18.     As a result of Plaintiff's fraudulent misrepresentations, SmartVideo has been damaged in an amount that includes the compensation and benefits SmartVideo provided to Plaintiff during his employment.

WHEREFORE, having answered Plaintiff's Complaint, asserted its defenses thereto, and filed its counterclaim, SmartVideo prays that judgment be entered in favor of SmartVideo and against Plaintiff on Plaintiff's claims, that Plaintiff take nothing in this action, that judgment be entered in favor of SmartVideo and against Plaintiff on SmartVideo's counterclaim, that the costs of this matter, including reasonable attorney's fees, be cast upon the Plaintiff and that the Court grant and award SmartVideo such other and further relief as the Court may deem mete and proper.

Respectfully submitted this $\underline{6}^{th}$ day of November, 2006.

s/ Yoon J. Kim

Jeffrey D. Mokotoff
Georgia Bar No. 515472
jmokotoff@fordharrison.com
Yoon J. Kim
Georgia Bar No. 418824
ykim@fordharrison.com
FORD & HARRISON LLP
1275 Peachtree Street, N.E.
Suite 600
Atlanta, Georgia 30309
Telephone:  (404) 888-3800
Facsimile: (404) 888-3863

John E. Duvall
Florida Bar No. 503932
jduvall@fordharrison.com
FORD & HARRISON LLP
225 Water Street
Suite 71
Jacksonville, Florida 32202
Telephone: (904) 357-2000
Facsimile:  (904) 357-2001

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this $\underline{6^{th}}$ day of November, 2006, served a copy of the

foregoing **AMENDED ANSWER AND COUNTERCLAIM** via electronic filing to the

following CM/ECF participant:

> Jonathan Williams
> Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A.
> P.O. Box 15200
> Daytona Beach, FL 32115-5200

<br>

> /s/ Yoon J. Kim_____
> Yoon J. Kim
> Georgia Bar No. 418824
> ykim@fordharrison.com
> FORD & HARRISON LLP
> 1275 Peachtree Street, N.E.
> Suite 600
> Atlanta, Georgia 30309
> Telephone:  (404) 888-3800
> Facsimile: (404) 888-3863

Atlanta:403789.1